Kathy **CARSON**, Plaintiff—Appellant,

v.

**BILLINGS POLICE DEPARTMENT;** David Ward; Larry Reinlasoder; Seth Weston; Mike Scheino, Defendants— Appellees.

No. 01–35271.

D.C. No. CV–99–00130–JDS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 3, 2002.

Decided June 12, 2002.

Before BRUNETTI, TROTT and McKEOWN, Circuit Judges.

MEMORANDUM *

Kathy Carson ("Carson") appeals the district court's order denying her petition for attorney's fees under 42 U.S.C. § 1988 and refusing to rule on her petition for fees under the corresponding Montana statute. We have jurisdiction pursuant to 28 U.S.C. § 1291 and hold that the district court erred by (1) finding that Carson was not a prevailing party under § 1988, and (2) refusing to award attorney's fees that were required by the parties' settlement agreement. Accordingly, we vacate the district court's order and remand for determination of an appropriate fees award under both state and federal law.

**I STANDARD OF REVIEW**

"This Court reviews for abuse of discretion a district court's decision on a motion for attorney fees." *Cline v. Indus. Maint. Eng'g & Contracting Co.*, 200 F.3d 1223, 1235 (9th Cir.2000). The panel "reviews the district court's analysis of the law de novo and its factual determinations for clear error." *Id.* "[T]he district court's fee award will be overturned if it is based on an inaccurate view of the law or a clearly erroneous finding of fact." *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir.1996).

**II DISCUSSION**

**A. Prevailing Party Status**

The district court held that Carson was not a prevailing party for purposes of § 1988. "The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." *Farrar v. Hobby*, 506 U.S. 103, 111,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (quoting *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792–93, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989)). " '[A] material alteration of the legal relationship occurs [when] the plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant.' In these situations, the legal relationship is altered because the plaintiff can force the defendant to do something he otherwise would not have to do." *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir.2000) (quoting *Farrar*, 506 U.S. at 113). Accordingly, this Court recently held that "a plaintiff 'prevails' when he or she enters into a legally enforceable settlement agreement against the defendant." *Barrios v. Cal. Interscholastic Fed'n*, 277 F.3d 1128, 1134 (9th Cir.2002).

The Settlement required the City to pay Carson $60,000 and to structure her benefits as if she had been hired in 1996, and required the County to pay $5,000. It cannot be disputed that the Settlement provided Carson with relief far in excess of that obtained from her litigation before the Montana Department of Labor. Thus, the Settlement obligated the Defendants to do something they otherwise were not obliged to do. Moreover, the district court retained jurisdiction over the action "for the limited purpose of enforcing the Settlement," thus ensuring the Settlement's legal enforceability. Therefore, under *Fischer* and *Barrios*, Carson was a prevailing party for purposes of § 1988.

**B. The Award of Fees and Costs Under § 1988 and § 49–2–505(7)**

The City concedes that Carson was a prevailing party in her state administrative proceedings for purposes of § 49–2–505(7). In addition, as discussed above, Carson was a prevailing party for purposes of § 1988. Thus, the remaining issue is whether the district court was obligated to award Carson attorney's fees after she timely filed her petition in accordance with the Settlement.

The district court incorporated the Settlement into its order dismissing the case and retained jurisdiction to enforce the Settlement's terms. The Settlement clearly contemplated that the district court would award attorney's fees in the event Carson timely filed a petition. Given these unusual circumstances, the district court's declination to do so was not an appropriate exercise of its discretion. On remand, the court shall, in accordance with the parties' Settlement, determine an appropriate fees award under § 1988 and § 49–2–505(7). The district court has no discretion to deny altogether fees under either statute.

VACATED and REMANDED. Each party to bear its own costs.